UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>   -against-<br><br>ANTHONY PISTILLI et al.,<br><br>       Defendants. | 22-cv-02654 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff brings this action asserting one claim under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. On February 27, 2023, the Court received a notice of motion from Plaintiff requesting permission to amend her complaint in light of new facts that had arisen in the past month. ECF No. 45. Plaintiff also requested a temporary restraining order, but did not specify an imminent harm or date by which she sought a restraint. ECF No. 46. Defendants responded the next day asking for a conference to address Plaintiff's request to file a new complaint. ECF No. 47. The Court directed Defendants to respond to Plaintiff's request by March 3, 2023 and scheduled a telephonic conference on March 6, 2023. ECF No. 49.

  In the course of examining closely the complaint and the parties' current letters/motions, and because the case is still in the early pleading stage, the Court has concluded that this case should be transferred to the United States District Court for the Eastern District of New York where all of the parties reside and the operative facts have taken place. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

1

>    defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1). An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

A district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be *sua sponte*. *Id*. at 82, 90 (affirming *sua sponte* transfer); *see Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established."). In determining whether to transfer a case, courts consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Corely*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that the factors on balance weigh in favor of transferring this case to the Eastern District of New York. Plaintiff resides in Astoria, Queens, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c) (Eastern District of New

York includes Queens County, New York); ECF No. 37 ("Second Am. Compl.") at 2.[1] Therefore, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). The case concerns a claim that Defendants discriminated against Plaintiff on the basis of sex in denying her a renewal of her lease after she rebuffed the sexual advances of her building superintendent. *See generally* Second Am. Compl. Since the allegations concern conduct occurring in the building where Plaintiff resides, the locus of the events is the Eastern District of New York. *Id.* at 4-10. Defendant Sajo Kolenovic lives in the Eastern District of New York in Astoria, Queens. *Id*. at 3. Defendants Pistilli Realty Group and 30-86 323nd Street LLC allegedly manage the building where Plaintiff lives in Astoria, Queens. *Id.* at 3. Witnesses and documents related to the claims will presumably be found in the Eastern District of New York given the Plaintiff's allegations.

Accordingly, the Court finds that the balance of factors weigh in favor of transferring this action to the Eastern District of New York, and that such a transfer is in the interests of justice and convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Accordingly, the March 6, 2023 conference is cancelled. Upon transfer, the reassigned Court can then address the present applications.

Dated: March 1, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[1] The complaint restarts the numbering of its paragraphs in each sub-section. Therefore, the Court will cite to the ECF designated page numbers.