**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JANE DOE, | : | Case No.: 1:23-cv-01623-NRM-RER |
| | : | |
| Plaintiff, | : | |
| | : | **ANSWER TO THIRD** |
| -against- | : | **AMENDED COMPLAINT** |
| | : | |
| | : | |
| PISTILLI REALTY GROUP, 30-86 32ND | : | |
| STREET LLC, ANTHONY PISTILLI, | : | |
| JOSEPH PISTILLI and SAJO KOLENOVIC | : | |
| et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK:

AND NOW, this 17th day of May, 2023 comes Defendants, **LIDIA MANAGEMENT**

**CORP. i/s/h/a PISTILLI REALTY GROUP ("LIDIA"), 30-86 32ND STREET LLC ("3086"),**

**ANTHONY PISTILLI ("ANTHONY"), JOSEPH PISTILLI ("JOE") and SAFET**

**KOLENOVIC i/s/h/a SAJO KOLENOVIC ("KOLENOVIC")** (collectively referred to herein

as "Answering Defendants"), by and through their counsel, KENNEDYS CMK LLP, hereby

respond to the Plaintiff's Third Amended Complaint as follows:

## I.       AS TO JURISDICTION AND AVENUE

1.       Answering Defendants deny each and every allegation contained in the paragraph

of the Third Amended Complaint numbered "1"  and refer all questions of law to this Honorable

Court.

2.     Answering Defendants deny each and every allegation contained in the paragraph of the Third Amended Complaint numbered "2" and refer all questions of law to this Honorable Court.

3.     Answering Defendants deny knowledge or information sufficient to form a belief sufficient as to Plaintiff's knowledge of each and every allegation contained in the paragraph of the Third Amended Complaint numbered "3"; however, Defendants Joseph and Anthony Pistilli reside in the State of New York.

4.     The allegations set forth in in paragraph "4" of the Third Amended Complaint, constitute legal conclusions of law to which no response is required. To the extent an answer is required, Answering Defendants deny any allegation that an alleged incident occurred set forth in paragraph "4" of the Third Amended Complaint.

5.     The allegations set forth in paragraph "5" of the Third Amended Complaint constitute conclusions of law to which no response is required.

## II.     AS TO THE DEFENDANTS AND SUBJECT PROPERTY

6.     Defendant LIDIA denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "6".

7.     Defendant 3086 denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "6".

8.     Defendant JOE denies each and every allegation contained in paragraph "6" of the Third Amended Complaint, demands a more specific allegation and respectfully refers all questions of law to the Court for determination.

9. Defendant ANTHONY denies each and every allegation contained in paragraph "6" of the Third Amended Complaint, demands a more specific allegation and respectfully refers all questions of law to the Court for determination.

10. Defendant KOLENOVIC denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "6".

11. Defendant LIDIA denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "7".

12. Defendant 3086 denies each and every allegation contained in paragraph "7" of the Third Amended Complaint except admits that Joseph and Anthony Pistilli owned 3086 32nd Street LLC jointly until 12/31/22. From 01/01/23 until present, Joseph Pistilli is the sole owner of 3086 32nd Street LLC.

13. Defendant JOE denies each and every allegation contained in paragraph "7" of the Third Amended Complaint except admits that Joseph and Anthony Pistilli owned 3086 32nd Street LLC jointly until 12/31/22. From 01/01/23 until present, Joseph Pistilli is the sole owner of 3086 32nd Street LLC.

14. Defendant ANTHONY denies each and every allegation contained in paragraph "7" of the Third Amended Complaint except admits that Joseph and Anthony Pistilli owned 3086 32nd Street LLC jointly until 12/31/22. From 01/01/23 until present, Joseph Pistilli is the sole owner of 3086 32nd Street LLC.

15.     Defendant KOLENOVIC denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "7".

16.     Answering Defendants deny each and every allegation contained in the paragraph of the Third Amended Complaint numbered "8"  and refer all questions of law to this Honorable Court.

### III.     THE PARTIES

17.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the  Third Amended Complaint numbered "9".

18.     Defendant LIDIA denies each and every allegation contained in the paragraph of the Third Amended Complaint numbered "10" except admits that Mr. Kolenovic was the superintendent at 3086 32nd Street, Astoria 11102 from June of 2018 through April of 2023.

19.     Defendant 3086 denies each and every allegation contained in the paragraph of the Third Amended Complaint numbered "10" except admits that Mr. Kolenovic was the superintendent at 3086 32nd Street, Astoria 11102 from June of 2018 through April of 2023.

20.     Defendant KOLENOVIC denies each and every allegation contained in the paragraph of the Third Amended Complaint numbered "10" except admits that Mr. Kolenovic was the superintendent at 3086 32nd Street, Astoria 11102 from June of 2018 through April of 2023.

21.     Defendants JOE and ANTHONY deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the  Third Amended Complaint numbered "10".

22.    Defendants LIDIA, 3086, and KOLENOVIC deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the  Third Amended Complaint numbered "11".

23.    Defendants JOE and ANTHONY denies each and every allegation contained in the paragraph of the Third Amended Complaint numbered "10" except admit that JOE and ANTHONY are residents of the State of New York.

24.    Defendant LIDIA denies each and every allegation contained in the paragraph of the Third Amended Complaint numbered "12" except admits that 3086 32nd Street LLC is the record owner of the building located at 30-86 32nd Street, Astoria, NY 11102.

25.    Defendant 3086 denies each and every allegation contained in the paragraph of the Third Amended Complaint numbered "12" except admits that 3086 32nd Street LLC is the record owner of the building located at 30-86 32nd Street, Astoria, NY 11102.

26.    Defendant JOE denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "12".

27.    Defendant ANTHONY denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "12".

28.    Defendant KOLENOVIC denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Complaint numbered "12".

## IV. NATURE OF ACTION

29.     The allegation set forth in paragraph "13" of the Third Amended Complaint constitute legal conclusion to which no response is required. To the extent an answer is required, Answering Defendants deny the allegations set forth in paragraph "13" of the Third Amended Complaint.

## V.     BACKGROUND

30.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph "14" of the Third Amended Complaint numbered "14", except admit that Plaintiff currently resides at 30-86 32nd Street, Apt. 12, Astoria, NY 11102.

31.     Answering Defendants deny each and every allegation contained in paragraph "15" of the Third Amended Complaint, except admit that Plaintiff entered into a lease agreement with 3086 32nd Street LLC on June 15, 2018 which expired on June 30, 2019. Furthermore, Plaintiff has failed to make consistent rent payments and made no payments since 1/3/2020, which led to 3086 seeking eviction of the Plaintiff.

32.     Answering Defendants deny each and every allegation contained in paragraph "16" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

33.     Answering Defendants deny each and every allegation contained in paragraph "17" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

34.     Answering Defendants deny each and every allegation contained in paragraph "18" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

35.     Answering Defendants deny each and every allegation contained in paragraph "19" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

## VI.     FACTUAL ALLEGATIONS

36.     Answering Defendants deny a each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "20" and direct the court to the docket related to Plaintiff's HUD action for additional information.

37.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "21" and direct the court to the docket related to Plaintiff's HUD action for additional information.

38.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "22" and direct the court to the docket related to Plaintiff's HUD action for additional information.

39.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "23" and direct the court to the docket related to Plaintiff's HUD action for additional information.

40.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "24" and direct the court to the docket related to Plaintiff's HUD action for additional information.

## VII.    CAUSES OF ACTION

### COUNT I

**Violation of 42 U.S.C. Sections 3601-3619**

41.     Answering Defendants deny each and every allegation contained in paragraph "25" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination, except admits that Lidia Management Corp. managed the property located at 30-86 32nd Street, Astoria, NY 11102 from June of 2018 through January 1, 2023.

42.     Defendant LIDIA denies each and every allegation contained in paragraph "26" of the Third Amended Complaint, except admit that Plaintiff entered into a lease agreement with 3086 32nd Street LLC on June 15, 2018 which expired on June 30, 2019. Furthermore, Plaintiff has failed to make consistent rent payments and made no payments since 1/3/2020, which led to 3086 seeking eviction of the Plaintiff.

43.     Defendant 3086 denies each and every allegation contained in paragraph "26" of the Third Amended Complaint except admit that Plaintiff entered into a lease agreement with 3086 32nd Street LLC on June 15, 2018 which expired on June 30, 2019. Furthermore, Plaintiff has failed to make consistent rent payments and made no payments since 1/3/2020, which led to 3086 seeking eviction of the Plaintiff.

44. Defendant ANTHONY denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "26".

45. Defendant JOE denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "26".

46. Defendant KOLENOVIC denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "26".

47. Answering Defendants deny each and every allegation contained in paragraph "27" and all subparagraphs (a-q) of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

48. Answering Defendants deny each and every allegation contained in paragraph "28" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

49. Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "29", and deny any allegations that aver that an incident occurred.

50. Answering Defendants deny each and every allegation contained in paragraph "30" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

51.     Answering Defendants deny each and every allegation contained in paragraph "31" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

52.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "32".

53.     Answering Defendants deny each and every allegation contained in paragraph "33" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

54.     Answering Defendants deny each and every allegation contained in paragraph "34" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

55.     Answering Defendants deny each and every allegation contained in paragraph "35" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

56.     Answering Defendants deny any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Third Amended Verified Complaint numbered "36".

57.     Answering Defendants deny each and every allegation contained in paragraph "37" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

58.     Answering Defendants deny each and every allegation contained in paragraph "38" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

59.     Answering Defendants deny each and every allegation contained in paragraph "39" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

60.     Answering Defendants deny each and every allegation contained in paragraph "40" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

61.     The allegation set forth in paragraph "41" of the Third Amended Complaint constitute legal conclusion to which no response is required. To the extent an answer is required, Answering Defendants deny the allegations set forth in paragraph "41" of the Third Amended Complaint.

## COUNT II

**Violation of 42 U.S.C. Code § 3617**

60.     Answering Defendants repeats each and every denial to each and every allegation of the Complaint which is realleged in the paragraph numbered "42" thereof as herein before denied.

62.     Answering Defendants deny each and every allegation contained in paragraph "43" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

63.     Answering Defendants deny each and every allegation contained in paragraph "44" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

64.     Answering Defendants deny each and every allegation contained in paragraph "45" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

65.     Answering Defendants deny each and every allegation contained in paragraph "46" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination.

66.     Answering Defendants deny each and every allegation contained in paragraph "47" of the Third Amended Complaint, and respectfully refer all questions of law to the Court for determination.

67.     Answering Defendants deny each and every allegation contained in paragraph "48" of the Third Amended Complaint, and respectfully refer all questions of law to the Court for determination.

68.     Answering Defendants deny each and every allegation contained in paragraph "49" (including subparagraphs i and ii) of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination. Answering Defendants aver that a petition for eviction was incepted against the Plaintiff on August 28, 2019 by 3086 32nd St. LLC seeking the eviction of the Plaintiff due to her failure to pay rent thereby breaching the terms of her June 15, 2018 lease agreement.

69.     Answering Defendants deny each and every allegation contained in paragraph "50" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all

questions of law to the Court for determination, except admit that that a petition for eviction was incepted against the Plaintiff on August 28, 2019 by 3086 32nd St. LLC seeking the eviction of the Plaintiff due to her failure to make a rent payment after April of 2019 thereby breaching the terms of her June 15, 2018 lease agreement.

70. Answering Defendants deny each and every allegation contained in paragraph "51" of the Third Amended Complaint, demand a more specific allegation and respectfully refer all questions of law to the Court for determination. Answer Defendants aver that a petition for eviction was incepted against the Plaintiff on August 28, 2019 by 3086 32nd St. LLC seeking the eviction of the Plaintiff due to her failure to make a rent payment after April of 2019 thereby breaching the terms of her June 15, 2018 lease agreement.

The WHEREFORE clause following paragraph "51" of the Third Amended Complaint including subparagraphs a through f set forth Plaintiff's prayer for relief to which no responsive pleading is required. To the extent that a responsive pleading is required, Answering Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AS AND FOR A FIRST COMPLETE AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against answering Defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claims, economic loss, from any collateral source including but not limited to insurance, Social Security, Workers' Compensation or employee benefits program.

## AS AND FOR A SECOND COMPLETE AFFIRMATIVE DEFENSE

That the culpable conduct of the Plaintiffs brought about the alleged damages and injuries which Plaintiffs claim without any culpable conduct on the part of answering Defendants, their agents, servants or employees.

That if the Court find after trial that any culpable conduct of answering Defendants, their agents, servants or employees contributed to the alleged damages or injuries to the Plaintiffs, then and in that event answering Defendants pray that the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the alleged damages or injuries.

## AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

That upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom answering Defendants exercised no control, direction or supervision.

## AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

That answering Defendants claim that they are not responsible to the Plaintiff herein. However, to the extent that the trier of the facts finds liability of 50 percent or less as defined by Article 16 of the CPLR, answering Defendants claim entitlement to the benefits set forth.

## AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

That the injuries alleged to have been sustained by the Plaintiff were sustained while he/she was involved in an activity into which he/she had entered, knowing full well the hazard thereof and the inherent risk incident to such activity and knowing the methods to be used in the performance of such activity and the dangers thereof, and such risks and dangers were expected and assumed by the Plaintiffs upon entering into and continuing such activity.

## AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

That upon information and belief, the Plaintiffs' injuries and damages, if any, were caused by the intervening acts of third parties unrelated to this answering Defendant.

## AS AND FOR A SEVENTH COMPLETE AFFIRMATIVE DEFENSE

That the Plaintiff has failed to mitigate and/or reduce his/her damages and losses, if any, as alleged in the Third Amended Complaint.

## AS AND FOR AN EIGHTH COMPLETE AFFIRMATIVE DEFENSE

The accident or occurrence referred to in the Plaintiff's Third Amended Complaint and the injuries claimed were caused in whole or in part by the carelessness, contributory negligence or the assumption of risk of the Plaintiffs and answering Defendants demand that the Plaintiff's damages be accordingly diminished or denied.

## AS AND FOR A NINTH COMPLETE AFFIRMATIVE DEFENSE

That the Third Amended Complaint fails to set forth facts sufficient to constitute a cause and/or causes of action upon which relief may be granted insofar as these answering Defendants are concerned.

## AS AND FOR A TENTH  COMPLETE AFFIRMATIVE DEFENSE

That the Plaintiff's cause and/or causes of action alleged in the Third Amended Complaint are barred by applicable Statutes of Limitations.

## AS AND FOR AN ELEVENTH COMPLETE AFFIRMATIVE DEFENSE

That the Third Amended Complaint is wholly without merit and its initiation is deemed frivolous conduct by answering Defendants.

## AS AND FOR A TWELFTH COMPLETE AFFIRMATIVE DEFENSE

That this action should be dismissed since all necessary and indispensable parties have not been joined in this action.

## AS AND FOR A THIRTEENTH COMPLETE AFFIRMATIVE DEFENSE

That these answering Defendants did not owe the Plaintiff any of the duties alleged in this lawsuit.

## AS AND FOR A FOURTEENTH COMPLETE AFFIRMATIVE DEFENSE

That the conditions alleged, if any, were open, obvious, notorious and apparent.

## AS AND FOR A FIFTEENTH COMPLETE AFFIRMATIVE DEFENSE

That answering Defendants were without notice of any of the purported conditions alleged in this Third Amended Complaint.

## AS AND FOR A SIXTEENTH COMPLETE AFFIRMATIVE DEFENSE

That this Court lacks jurisdiction over the person of these Defendants in that service of process was not made in accordance with the provisions of the CPLR and the laws of New York.

That this Court lacks in personam jurisdiction over the person of these Defendant.

That this Court lacks jurisdiction of the subject matter of the action alleged in the Complaint.

Answering Defendants reserve their right to amend their Answer to raise affirmative defenses as facts supporting those claims become known throughout the course of discovery.

**WHEREFORE**, the answering defendants, **LIDIA MANAGEMENT CORP. i/s/h/a PISTILLI REALTY GROUP, 30-86 32ND STREET LLC, ANTHONY PISTILLI, JOSEPH PISTILLI and SAFET KOLENOVIC i/s/h/a SAJO KOLENOVIC** herein demand judgment

dismissing Plaintiff's Third Amended Complaint, together will all fees, costs and disbursements

of this action.

Dated:      New York, New York
             May 17, 2023

                    Yours, etc.

                    KENNEDYS CMK LLP

                    _____
                    Thomas Maroney, Esq.
                    **Attorneys for Defendants**
                    **LIDIA MANAGEMENT CORP. i/s/h/a PISTILLI REALTY GROUP, 30-86 32ND STREET LLC, ANTHONY PISTILLI, JOSEPH PISTILLI and SAFET KOLENOVIC i/s/h/a SAJO KOLENOVIC**
                    570 Lexington Avenue, 8th Floor
                    New York, New York 10022
                    (212) 252-0004
                    Fax #: (212) 832-4920
                    File No.: USS228.1106100
                    Thomas.Maroney@kennedyslaw.com

TO:

Jane Doe
Pro Se, Plaintiff
30-86 32nd Street, Apt. 12
Astoria, New York 11102

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within captioned **Answer to Plaintiff's Third Amended Complaint with Affirmative Defenses** was filed electronically with the Clerk of the District Court using its CM/ECF System, which would then electronically notify the following CM/ECF participants on this case. A hardcopy will also be served via *First Class Mail* upon:

Jane Doe
Pro Se Plaintiff
30-86 32nd Street, Apt. 12
Astoria, New York 11102

KENNEDYS CMK LLP

Thomas J. Maroney, Esq.